
FILED
APR 3 0 2014
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

TYRONE HENRY McMILLER, )
)
Plaintiff, )
)
vs. ) No. CIV-13-711-W
)
JUSTIN JONES et al., )
)
Defendants. )

## ORDER

On April 10, 2014, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that this matter be dismissed for failure to exhaust administrative remedies. Plaintiff Tyrone Henry McMiller was advised of his right to object, see Doc. 47 at 14, and the matter now comes before the Court on McMiller's Objection to the Report and Recommendation. See Doc. 48.

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. Under the Prisoner Litigation Reform Act ("PLRA") of 1996, exhaustion of all available administrative remedies is mandatory; unexhausted claims seeking relief under title 28, section 1983 of the United States Code cannot be brought in federal court. E.g., Jones v. Bock, 549 U.S. 199, 211 (2007); 42 U.S.C. § 1997e(a). "[P]risoners must 'complete the administrative review process in accordance with the applicable procedural rules' . . . defined not by the PLRA, but by the prison grievance process itself." Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). Accordingly, the prisoner must "'us[e] all steps that the [prison] . . .

holds out, and do[ ] so properly (so that the . . . [prison] addresses the issues on the merits).'" Woodford, 548 U.S. at 90 (quotation omitted).

The grievance procedure established by Oklahoma Department of Corrections ("ODOC") has four steps, see ODOC Policy OP-090124, and while McMiller may have begun the grievance process regarding the alleged constitutional deprivations relating to his confinement at Oklahoma State Reformatory,[1] the record[2] is clear that he did not properly complete it.[3]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 47] issued on April 10, 2014;

(2) GRANTS the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. 35] filed on December 3, 2013, to the extent that this action is hereby DISMISSED for failure to exhaust; and

(3) while the dismissal of unexhausted claims is ordinarily without prejudice, see Kikumura v. Osagie, 461 F.3d 1269, 1290 (10th Cir. 2006), overruled in part on other grounds as recognized in Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008), FINDS, as Magistrate Judge Purcell has recommended, that the dismissal under these

---

[1] McMiller is currently confined at Cimarron Correctional Facility in Cushing, Oklahoma.

[2] The Court has considered McMiller's documents attached to his objection, see Doc. 48 at 12-14, but finds that these documents do not compel a finding of exhaustion. See Doc. 47 at 9 n.3.

[3] The Court is mindful that if "prison officials prevent, thwart, or hinder a prisoner's efforts to available himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." Little v. Jones, 607 F.3d 1245, 1250 (Okla. 2010) (citation omitted). Upon review, the Court finds McMiller's complaints about the inaction of defendant Tiffanie McGill do not require a finding of exhaustion. E.g., Tuckel v. Grover, 660 F.3d 1249, 1252 (Okla. 2011)(court obligated to ensure defect in exhaustion not procured from action or inaction of prison official). See also n.2 supra.

2

circumstances should be with prejudice. E.g., Hinzo v. New Mexico Corrections Department, 2014 WL 930873 (10th Cir. 2014)(citing Kikumura, 461 F.3d at 1289) (dismissal with prejudice of procedurally defaulted claim proper).

ENTERED this 30th day of April, 2014.

LEE R. WEST
UNITED STATES DISTRICT JUDGE